# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DWAYNE SAYLES,<br>    Plaintiff, | :<br>:<br>: | CASE NO. 3:18-cv-1293 (MPS) |
| v. | :<br>:<br>: | |
| LIEUTENANT CONGELOS, et al.,<br>    Defendants. | :<br>:<br>: | OCTOBER 1, 2018 |

## INITIAL REVIEW ORDER

Plaintiff Dwayne Sayles, currently incarcerated at the Garner Correctional Institution in Somers, Connecticut, filed this case under 42 U.S.C. § 1983. He asserts federal claims for use of excessive force and retaliation as well as state law claims for assault and battery. The plaintiff names six defendants in his amended complaint: Lieutenant Congelos, Correctional Officer Diorio, Correctional Officer Ortyl, Nurse Balatka, Lieutenant Guimond, and Correctional Officer Eshou. He seeks damages and injunctive and declaratory.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

I. <u>Allegations</u>

The incident underlying this action occurred while the plaintiff was a pretrial detainee confined at Northern Correctional Institution. ECF No. 10, ¶¶ 4-7. On July 22, 2016 the plaintiff was confined on in-cell restraint status, which consisted of shackles and handcuffs connected by a tether chain. *Id.,* ¶ 8. He had been placed on this status for assaulting a correctional officer. *Id.*, ¶ 9. Correctional policy requires that inmates on in-cell restraint status have their restraints checked periodically. *Id.*, ¶ 10.

On July 22, 2016, defendants Congelos, Ortyl, Diorio and Eshou came to perform this routine check. They did not bring a video camera to record the incident. *Id.*, ¶ 11. Defendants Diorio and Ortyl held the plaintiff's arms while defendant Congelos checked the restraints. Defendant Ortyl struck the plaintiff in the head with a closed fist. *Id.*, ¶ 12. The plaintiff had not made any threatening movements toward the officers. *Id.*, ¶ 13. Defendant Congelos sprayed a chemical agent in the plaintiff's face while defendants Ortyl, Diorio, and Eshou continued to strike him. *Id.*, ¶¶ 14-15. Additional staff responded to the incident and defendant Guimond sprayed the plaintiff with a chemical agent. *Id.*, ¶ 16.

The plaintiff was denied a shower to remove the chemical agent for several hours and

2

experienced burning on his skin. *Id.*, ¶ 17. He sustained lacerations to his forehead and left inner wrist, knee pain, a black eye, and broke blood vessels in his right eye. *Id.*, ¶ 18. Defendant Balatka refused to document or treat these injuries. *Id.*, ¶ 19.

II.     Analysis

The plaintiff alleges that the defendants acted with deliberate indifference to his safety in violation of his rights under the Fourteenth Amendment. More specifically, the Court considers the complaint to assert claims for use of excessive force and deliberate indifference to medical needs.

    A.     Excessive Force

The plaintiff alleges that the defendants used excessive force against him. As he was a pretrial detainee when the incident occurred, his claim is addressed under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of pretrial detainees considered under Fourteenth, rather than Eighth, Amendment).

In *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466 (2015), the Supreme Court concluded that excessive force claims brought under the Fourteenth Amendment do not require the same subjective intent standard as claims brought under the Eighth Amendment. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2472-73.

The plaintiff alleges that he was not threatening the officers while force was used against him. He alleges that he was in restraints for assaulting a correctional officer, implying that the force used was retribution for his prior actions. These allegations are sufficient to state a plausible excessive force claim against defendants Congelos, Diorio, Ortyl, Guimond, and

3

Eshou.

B.   Deliberate Indifference to Medical Needs

The plaintiff alleges that defendant Balatka was deliberately indifferent to his medical needs by failing to document and treat his injuries. To state a claim for deliberate indifference to serious medical needs, a pretrial detainee must meet a two-prong test. The first prong is the same for claims by sentenced prisoners under the Eighth Amendment and pretrial detainees under the Fourteenth Amendment. The alleged deprivation of medical care must be "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

The second prong differs for sentenced inmates and pretrial detainees. Under the Fourteenth Amendment the second, or mens rea, prong is defined objectively. *Darnell*, 849 F.3d at 35. "[T]he pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* (emphasis added). Although the Second Circuit's holding in *Darnell* was applied to a claim of deliberate indifference to unconstitutional conditions of confinement, a footnote in *Darnell* indicates that "deliberate indifference means the same thing for each type of claim under the Fourteenth Amendment." *See id.* at 33 n.9. District courts in this Circuit have therefore applied *Darnell's* objective "mens rea" prong to claims of deliberate indifference to serious medical needs under the Fourteenth Amendment. *See Lloyd v. City of New York*, 246 F. Supp. 3d 704, 718–19 (S.D.N.Y. 2017); *McKinney v. New Haven Police Dep't*, 2017 WL 5137583, at *4 (D. Conn. Nov. 6, 2017); *Gonzalez-Torres v. Newson*, 2017 WL 2369369, at *3 (D. Conn. May 31, 2017); *Feliciano v. Anderson*, 2017 WL 1189747, at *10 (S.D.N.Y. Mar. 30, 2017).

The plaintiff alleges that he suffered lacerations to his forehead and left inner wrist, knee pain, a black eye, and broke blood vessels in his right eye. ECF No. 10, ¶ 18. These injuries are not serious and the plaintiff has identified no harm suffered as a result of defendant Balatka's failure to treat his injuries. He does not allege that his daily activities were significantly affected or that the injuries caused chronic and substantial pain. Thus, the plaintiff's injuries do not meet the objective prong of the deliberate indifference test. *See, e.g., Sloane v. Borawski*, 64 F. Supp. 3d 473, 494 (W.D.N.Y. 2014) (finding that, even if defendant did ignore claimed "broken ribs,

ankle fracture[,] and lower right-side back injury," plaintiff cannot meet objective component of deliberate indifference claim); *Dallio v. Hebert*, 678 F. Supp. 2d 35, 44 (N.D.N.Y. 2009) (holding two black eyes, bruising in kidney area, kick marks, open lacerations, headache, and numbness did not constitute serious medical need under deliberate indifference standard) (citing cases). The claim against defendant Balatka is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

    C.    <u>Declaratory and Injunctive Relief</u>

The plaintiff includes in his prayer for relief requests for a declaratory judgment that the defendants violated his Fourteenth Amendment rights and an injunction requiring the defendants to always have cameras present when attending to an inmate on in-cell restraint status.

Declaratory relief operates prospectively. It is intended to enable parties to adjudicate claims before either party suffers significant damages. *Orr v. Waterbury Police Dep't*, No. 3:17-cv-788(VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018) (citations omitted). In *Orr*, the court dismissed the request for declaratory relief because the requested relief related only to past actions; the plaintiff had not identified any issue that could be resolved by declaratory relief. *Id.* Here, the plaintiff seeks a declaration that past actions violated his constitutional rights. Thus, the request for declaratory relief is inappropriate and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The actions underlying the complaint occurred while the plaintiff was confined at Northern Correctional Institution and the defendants are alleged to work there. The plaintiff now is confined at Garner Correctional Institution. The Second Circuit repeatedly has noted that "[i]n this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against the officials of that facility." *Wright v. New York State Dep't of Corr. &*

*Cmty. Supervision*, 568 F. App'x 53, 55 (2d Cir. 2014) (quoting *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011) (internal quotation marks omitted). As the plaintiff is no longer confined at Northern Correctional Institution and no defendant is a high-ranking correctional official, the plaintiff's transfer moots his request for injunctive relief. The request is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

III. Conclusion

The claim against defendant Balatka and the requests for declaratory and injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). The case will proceed on the excessive force claim against defendants Congelos, Diorio, Ortyl, Guimond and Eshou.

The Court enters the following orders:

(1) **The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain the service or current work address for defendants Congelos, Diorio, Ortyl, Guimond, and Eshou, mail a waiver of service of process request packet containing the Amended Complaint to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send the plaintiff a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(9) The plaintiff shall utilize the Prisoner Efiling Program when filing documents

with the court.  The plaintiff is advised that the Program may be used only to file documents with the court.  Local court rules provide that discovery requests are not filed with the court.  D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 1st day of October 2018 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge